IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEMSTONE FOODS, LLC                                                    PLAINTIFF

v.                                                    Civil Action No. ___25-72___

TECTA AMERICA-CONSTRUCTION
SERVICES, LLC AND
AMERICOLD LOGISTICS, LLC                                          DEFENDANTS

## ORIGINAL COMPLAINT
### (Jury Trial Demanded)

COMES NOW Gemstone Foods, LLC ("Plaintiff" or "Gemstone"), by and through counsel, and files this Complaint against Tecta America ("Tecta") and Americold Logistics, LLC ("Americold") as follows:

### I.        PARTIES

1.1    Gemstone is a Mississippi limited liability company that conducts business in Montgomery County, Alabama. The sole member of Gemstone is Gemstone Foods Group, LLC, a Mississippi company.

1.2    Defendant Tecta America-Construction Services, LLC ("Tecta") is an Alabama limited liability company that is domiciled in Birmingham Alabama and conducts business in Montgomery, Alabama. It may be served with process and this Complaint by service on Mantoris Robinson, Registered Agent, at 1189 Haven Rd. Birmingham, AL.  The sole member of Tecta is Mantoris Robinson a resident of Alabama..

1.3    Defendant Americold Logistics, LLC ("Americold") is a Delaware limited liability company with its principal place of business in Atlanta Georgia, conducts business in Montgomery, Alabama, and may be served with process and this Complaint by service on C T

1

Corporation System, Registered Agent, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. The member of Americold is Americold Realty Trust, Inc., a Maryland Corporation with its principal place of business in Atlanta, Georgia.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction of this matter is proper pursuant to 28 U.S.C. section 1331 as complete diversity of citizenship of the Plaintiff and Defendants exists and the amount in controversy exceeds the jurisdictional minimum of this Court.

2.2    Venue is proper pursuant to 28 U.S.C. section 1391 because the actions and omissions giving rise to the claims brought herein arose in whole or in part in Montgomery, Alabama.

## III.    FACTS

3.1    Gemstone is a customer of Americold and has, under contract, stored poultry products for human consumption at the Americold Montgomery Alabama warehouse (the "Warehouse") for many years. Americold has knowledge that the poultry products stored for Gemstone are food products for human consumption and must be maintained within certain well established safety conditions without contamination. Americold has always represented to Gemstone that it had the capacity and could store and maintain Gemstone's poultry products in a proper manner with knowledge of the USDA quality controls governing the quality, maintenance, and condition of these products. In July 2023, Americold hired Tecta to perform work repairing and replacing the roof on the Warehouse. During this same time, Americold was storing poultry products owned by Gemstone. Tecta was aware that food products were being stored in the Warehouse when their work was performed in July 2023.

3.2     During the course of performing its roofing work,  in July 2023, Tecta was in the process of repairing and re-roofing the Americold Warehouse when a storm hit the warehouse and water and other contaminants were permitted to enter the warehouse area in which Gemstone's products were being stored. This water and other contaminants entered the Warehouse through the roof and infiltrated Gemstone poultry products destroying the marketability of Gemstone's poultry products for their intended purposes. This was the result of the failure of Tecta and Americold to properly handle, manage, and conduct the roof and repair work in a manner which protected the integrity of the roof over the area in which Gemstone's poultry products were stored.  Tecta had a duty to perform its work in a manner which avoided the risk of contamination of stored human food products in portions of the Warehouse on which roof work was being performed.  Further, Tecta owed a duty to manage the logistics of the work being performed and communicate with Americold any need for products in the Warehouse to be moved in order to avoid possible contamination.

3.3     Americold was duty bound to store Gemstone's food products safely and maintain them free of contamination as food products fit for human consumption. While the roofing work was being performed at the Warehouse, Americold had a duty of care to store and maintain Gemstone's products in a manner to avoid contamination from rain, water, and other contaminants. They had a duty to monitor and communicate with Tecta concerning the products being stored and managing the logistics of the work being carried out to avoid contamination and damage to products being stored.

3.4     In the conduct of its work, Tecta and Americold failed to develop and implement protocols for communication and management of logistics for (1) the performance of the  roofing work in areas where food products are stored, (2) when weather conditions are favorable for rain

3

or inclement weather, and (3) communication concerning the logistics of the roofing work and operations on an ongoing basis.

3.5    The acts of both Tecta and Americold were in gross and reckless negligence and disregard for the rights and property of Gemstone.

## IV.    CAUSES OF ACTION

### A.  Negligence

4.1    The allegations contained above are incorporated herein.

4.2    The failure of Tecta and Americold to properly handle, manage, and conduct the roof and repair work in a manner which protected the integrity of roof over the area in which Gemstone's poultry products were stored was in breach of the duties each of them owed to Gemstone and the proximate cause or contributing cause of Gemstone's losses and damages to its poultry products stored at the Americold warehouse. Damage to the poultry products was foreseeable in the event due care was not exercised to protect the products from rain, water, and other contaminants while the roof repair and replacement was performed.

4.3    Both Tecta and Americold were further negligent in their failure to develop and implement protocols for communication and management of logistics for (1) the performance of the roofing work in areas where food products are stored, (2) performance of roofing work when weather conditions are favorable for storms, rain or inclement weather, and (3) communication concerning the logistics of the roofing work and operations on an ongoing basis.

4.4    Gemstone is entitled to recover from Tecta and Americold for destruction, loss and damage to its poultry products together with prejudgment and postjudgment interest and all other relief prayed for in this case.

### B.  Negligent Hiring

4.5    The allegations contained above are incorporated herein.

4.6    Americold selected Tecta as the roofing contractor to perform the roof repairs and replacement at the Montgomery warehouse. When selecting Tecta, Americold was negligent in its selection of Tecta to perform the work. This negligence included failing to check Tecta's history of roof repair on structures storing food products, and the failure to hire a company with well developed and implemented protocols for communication and management of logistics for (1) conducting roofing work in an area where food products are stored, (2) conducting roofing work when weather conditions are favorable for storms, rain, or inclement weather, and (3) communication concerning the logistics of their work and operations on an ongoing basis.

4.7    Gemstone is entitled to recover from Americold for destruction, loss and damage to its poultry products together with prejudgment and postjudgment interest and all other relief prayed for in this case.

**C. Gross Negligence and Wilful and Reckless Misconduct**

4.8    The allegations contained above are incorporated herein.

4.9    The failure of Tecta and Americold to properly handle, manage, and conduct the roof and repair work in a manner which protected the integrity of roof over the area in which Gemstone's poultry products were stored was in gross, wilful and reckless misconduct in breach of the duties each of them owed to Gemstone and the proximate cause or contributing cause of Gemstone's losses and damages to its poultry products stored at the Americold warehouse. Damage to the poultry products was foreseeable in the event due care was not exercised to protect the products from rain, water, and other contaminants while the roof repair and replacement was performed.

5

4.10    The acts of both Tecta and Americold were undertaken in a gross, wilful and reckless disregard for the rights and property of Gemstone for which Gemstone is entitled to an award of compensatory damages, punitive damages, attorney's fees, litigation expenses, and all costs, prejudgment and postjudgment interest as well as all other relief prayed for in this case.

**D.  Breach of Contract**

4.11    The allegations contained above are incorporated herein.

4.12    Gemstone stored its poultry products with Americold under contract.  Pursuant to that contract, Americold agreed to store Gemstone's poultry products free from contamination and damage and maintain the products in a manner and in a condition which meets USDA standards and protocols. Americold breached this agreement and caused damage to Gemstone.

4.13    Gemstone is entitled to recover from Americold all loss and damage to its poultry products as a result of the breach by Americold together with prejudgment and postjudgment interest and all other relief prayed for in this case.

Wherefore, Gemstone prays that upon trial of this action, Gemstone recover a judgment against Tecta and Americold for all damages sustained by Gemstone in excess of the $600,000 due to their acts together with prejudgment and postjudgment interest, court costs, litigation expenses, attorneys fees and punitive damages.  Gemstone prays for all other relief to which they may be entitled.

This the 24th day of  January, 2025.

Respectfully submitted,

GEMSTONE FOODS, LLC

By: _____
    Michael A. Heilman (*Pro Hac Vice* pending)

Michael A. Heilman (*pro hac vice* pending)
Heilman Nisbett Polk, P. A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914.1025
Facsimile: (601) 944.2915
mheilman@hnplawyers.com